UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD J. KRAVETZ,

    Plaintiff,

v.

STATE OF NEVADA et al.,

    Defendants.

Case No. 2:15-cv-406-JAD-PAL

**ORDER DISMISSING ACTION AND DENYING MOTION FOR COUNSEL AS MOOT**

This action is a *pro se* civil-rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On April 20, 2015, this court issued an order directing plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within thirty days from the date of that order. (Doc. 5 at 1). The thirty-day period has now expired, and plaintiff has not filed an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice when a party fails to prosecute an action, obey a court order, or comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution or for failure to obey a court order or comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissal. The third factor—risk of prejudice to defendants—also weighs in favor of dismissal because a presumption of injury arises from an unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the other factors favoring dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The court's order requiring plaintiff to file an application to proceed *in forma pauperis* or pay the full filing fee within 30 days expressly warned, "if plaintiff does not timely comply with this order, dismissal of this action may result." Doc. 5 at 2. Plaintiff thus had adequate warning that his case may be dismissed if he failed to file an application to proceed *in forma pauperis* or pay the full filing fee within 30 days.

IT IS THEREFORE ORDERED that **this action is DISMISSED** without prejudice due to plaintiff's failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with this court's April 20, 2015, order.

IT IS FURTHER ORDERED that the motion for appointment of counsel **(Doc. 6) is DENIED** as moot.

The Clerk of Court shall enter judgment accordingly and close this case.

DATED: This 26th day of May, 2015.

_____
Jennifer Dorsey
United States District Judge